### Cresson v. The North American Company.

*Libel—Publication of report of Congressional committee—Privilege.*

An account published by a newspaper which fairly and accurately describes a report of a Congressional committee is privileged, and persons affected by the report cannot maintain an action for libel against the newspaper.

Rule for a new trial. C. P. No. 5, Phila. Co., June T., 1922, No. 8608.

*Saul, Ewing, Remick & Saul,* for plaintiff; *J. G. Gordon,* for defendant.

PER CURIAM, Feb. 7, 1924.—This suit was instituted to recover damages for an alleged libelous publication in relation to a report of a Congressional committee that investigated the escape of Grover Cleveland Bergdoll, a military prisoner confined at Governor's Island.

4 D. & C.

An Associated Press reporter issued an article descriptive of the report filed by a majority of the committee. Defendant, a member of the Associated Press, published an article commenting upon the report and stated that: "Samuel Tilden Ansell, former Acting Judge Advocate General of the Army, and of the prisoner's legal counsel, Colonel John B. Hunt and Colonel C. G. Cresson, were charged with conspiracy in connection with the escape of Grover Cleveland Bergdoll, the draft evader, in a report signed by three of the five members of a special investigating committee, filed to-day with the House."

In the Congressional report it was stated: "In the natural sequence of things, the conduct of O'Hara should next be considered; but, as the conduct and trial of Col. Hunt are in such close intimacy with Col. C. G. Cresson, the judge advocate who prosecuted—or rather who was selected or detailed to prosecute—Col. Hunt, it is deemed best that his acts and omissions should be considered at this point in the report. As ugly as are many phases of this whole matter, none is more defenceless than the conduct of Col. Cresson in his pretended prosecution of Col. Hunt. To turn those loose who turned Bergdoll loose but adds insult to injury, and Col. Cresson was the principal one of the instruments through which the latter offence was perpetrated."

The tenor of the report throughout charged a general conspiracy, not only as to those who, through bribery and corruption, were directly connected with the escape of the prisoner, but also as to those who acted in a measure as accessories after the fact and shielded persons who had participated in effecting the escape.

The theory upon which the case was presented on behalf of plaintiff was that the Congressional report contained charges and intimations against Col. Cresson which he did not deserve; that he was an innocent party, and had not been permitted to appear as a witness on his own behalf before the Congressional committee. The issue was whether or not the publication describing the report of the Congressional committee was fair and substantially accurate. Counsel for the plaintiff avoided putting the entire report in evidence. Portions of the report which defendant claimed justified the publication were admitted when framed as questions directed in cross-examination of the plaintiff, and his answers stating that these statements were contained in the report were recorded. The trial judge was convinced by the evidence that the publication was privileged, and that the comments were fair and just; and the facts being undisputed, a verdict was directed for defendant.

In the motion for a new trial plaintiff assigned the usual formal reasons—that the verdict was against the evidence, against the weight of the evidence, against the law; and also alleged error in permitting questions to be directed to the plaintiff in cross-examination, containing quotations from the report of the Congressional committee, and in refusing to permit plaintiff to testify to facts connected with his prosecution of those charged with being responsible for the escape, and to prove his participation in the apprehension and punishment of some of those who aided in the escape. It is alleged to have been error in the trial judge to have directed the verdict for defendant.

A careful review of the testimony, and of the law in relation thereto, has failed to convince the court that there was error in the trial.

The issue was not one that entitled plaintiff to attack the Congressional report, nor was his guilt or innocence of the charges made against him in the report subject to review in this case.

In the statement of claim plaintiff averred that the published assertion that Ansell, Hunt and Cresson were charged with conspiracy in connection with

the escape of Bergdoll in the Congressional report was false and untrue. It was proper, in cross-examination of plaintiff, to interrogate him as to other parts of the report than the paragraph of which he specifically complained, for the purpose of showing that the Congressional report charged conspiracy, starting with plans laid for the escape of the prisoner, and comprehending in its scope the acquittal of Hunt; the purpose being, in the view of the committee, a conspiracy not only to effect the escape of the prisoner, but to secure freedom from punishment for the conspirators, and all who participated in any branch of the movement were regarded as members of the conspiracy.

The account published by defendant fairly and accurately described the report of the Congressional committee, and was privileged.

Rule discharged.